UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK NKANSAH, ET AL.                                CIVIL ACTION

VERSUS                                                 NO. 15-646-JWD-RLB

EDGAR A. MARTINEZ, ET AL.

## ORDER

Before the Court is Depositors Insurance Company's ("Depositors") Motion to Compel (R. Doc. 34) filed on August 4, 2016. The motion is opposed. (R. Doc. 38). Depositors has filed a Reply. (R. Doc. 42).

## I.    Background

On August 12, 2015, Patrick Nkansah and ATL Worldwide, LLC ("ATL") (collectively, "Plaintiffs"), filed this action against Edgar Martinez, Coosemans Houston, Inc. ("Coosemans"), and Nationwide Insurance Company, in the 18th Judicial District Court, Iberville Parish, Louisiana. (R. Doc. 1-3). Plaintiffs seek recovery for damages resulting from an automobile accident involving two commercial tractor trailer trucks: one allegedly driven by Mr. Nkansah and owned by ATL, and the allegedly other driven by Mr. Martinez, owned by Coosemans, and insured by Nationwide Insurance Company.

On September 29, 2015, Depositors removed the action on the basis of diversity jurisdiction, asserting that it was wrongly identified in the original Petition as Nationwide Insurance Company. (R. Doc. 1; R. Doc. 28).

On December 21, 2015, Plaintiffs filed an Amended Complaint naming Depositors as a defendant in place of Nationwide Insurance Company. (R. Doc. 9). In the Amended Complaint, Plaintiffs allege that they suffered damages in the form of "1) Loss of income, past, present and

future and losses by ATL; 2) Losses paid by National Indemnity Company to ATL; 3) Property damages and out of pocket expenses caused by the wreck; 4) Uninsured losses incurred by ATL; and 5) Diminution of value of ATL's property." (R. Doc. 9 at 4). In addition, Plaintiffs allege that Mr. Nkansah suffered damages including loss of income; physical damage to the tractor; diminution of value; loss of income caused by inability to drive trucks; mental anguish; physical and mental personal injuries; and inconvenience and loss of business opportunities. (R. Doc. 9 at 4-5).

Depositors propounded the interrogatories and requests for production at issue on November 2, 2015. (R. Doc. 34-3). A single set of Interrogatories and a single set of Requests for Production were collectively served on the "Plaintiffs." (R. Doc. 34-3 at 1; R, Doc. 34-3 at 12). The instructions in each set defined the term "you" and "your" to refer to both Plaintiff Nkansah and Plaintiff ATL. Some of the specific discovery requests were limited with the phrase "[a]s to Patrick Nkansah" but did not specify whether it was intended that only Plaintiff Nkansah need to respond to that request, or whether the scope of the response only pertained to him. Some of those requests contained the limiting phrase regarding Patrick Nkansah, yet still incorporated the previously defined terms "you" and/or "your."

After receiving extensions from Depositors, Plaintiffs collectively provided their initial responses to these discovery requests on May 12, 2016. (R. Doc. 34-4). Depositors argues that Plaintiffs' responses to Interrogatory No. 27 and Request for Production Nos. 1, 5, 6, 7, 10, 24, 28, and 30 are deficient. (R. Doc. 34-1 at 3-8).

Depositors represents that the parties held a Rule 37(a) conference on June 7, 2016, to discuss the deficiencies and that Plaintiffs' counsel agreed to supplement the discovery responses within ten days. (R. Doc. 34-1 at 8; R. Doc. 34-6; R. Doc. 34-2). Depositors further represents

2

that the only supplement it received after the conference was a "singular spreadsheet containing a vague list of figures." (R. Doc. 34-1 at 9; R. Doc. 34-7). Depositors argues that various other documents relevant to the claims and defenses in this action are responsive to the foregoing discovery requests, including documents supporting ATL's claims for loss of income, loss of revenue, diminution of value, or "out of pocket expenses"; earnings records, federal and state income tax returns, W-2 forms and/or any other earnings records; correspondence, emails, notes, logs, or other documentation that was prepared as a result of the subject accident; insurance policies; and records, documents, or correspondence pertaining to damage estimates, and/or repairs performed to Mr. Nkansah's vehicle. (R. Doc. 34-1 at 10). In addition to an order compelling supplemental responses, Depositors seeks recovery of costs and attorney fees associated with the preparation and filing of the motion pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. (R. Doc. 34 at 1).

In opposition, Plaintiffs argue that the outstanding responses to discovery have not been provided in light of Mr. Nkansah's difficulties following the accident, including his mother's illness and loss of income, and because ATL is a small business without an accounting system set up to provide the information requested. (R. Doc. 38 at 2-3). Plaintiffs represent that they have produced documents reflecting the amount that a "long-haul owner operator" can make, and argue that "[t]hese records are sufficient for the defendants to prepare their defense." (R. Doc. 38 at 3). Plaintiffs also represent that Mr. Nkansah now makes $24,000 a year; that Mr. Nkansah had an expectation of about $155,000 a year as a long-haul trucker; and that Mr. Nkansah has 35 years of work expectancy left until he is 75. (R. Doc. 38 at 4).

In reply, Depositors represents that since the filing of the instant motion, "Plaintiffs have only informally produced four sheets of paper: (1) Mr. Nkansah's pay report for the period

3

5/18/2014 to 5/24/2014; (2) Mr. Nkansah's pay report for 8/21/2016 to 8/27/2016; [and] (3) Pay reports for two other uninvolved drivers for ATL Worldwide LLC for random periods of time." (R. Doc. 42 at 1-2).

Because Depositors addressed the interrogatories and requests for production at issue on both Plaintiff Nkansah and Plaintiff ATL, the Court will construe Depostitors' motion as seeking an order compelling supplemental responses from both Plaintiff Nkansah and Plaintiff ATL to the extent applicable.

## II.     Law and Analysis

### A.     Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.   Analysis**

**1.   Interrogatory No. 27 and Request for Production No. 10**

Through Interrogatory No. 27, Depositors requests identification of any exhibits that Plaintiffs "will or may seek to introduce into evidence at the trial of this matter." (R. Doc. 34-3 at 8). Subject to objections of overbreadth, undue burden, and ambiguousness, Plaintiffs identified the following: "Accident Report, traffic ticket of Edgar Martinez, court records, medical bill, and loss of income records." (R. Doc. 34-3 at 18).

Similarly, through Request for Production No. 10, Depositors seeks production of any documents or exhibits that Plaintiff intend to introduce at trial. (R. Doc. 34-3 at 10). Plaintiffs produced the referenced Accident Report, further providing that additional "documents will be

5

produced when available, including the damage reports and loss of income for the truck owned by ATL. . . ." (R. Doc. 34-3 at 24).

The Court will not require a supplemental response to Interrogatory No. 27 and Request for Production No. 10.  The trial judge will provide a deadline for identifying exhibits in the pre-trial order.  While the Court will order documents to be identified and produced to the extent they are specifically requested, the Court will not order the production of documents solely based on a current intention, primarily based on counsel's mental impressions and evaluation of the case at that current time, which may be used at trial.  Nothing in this Order shall relieve Plaintiffs from supplementing information required to be disclosed pursuant to Rule 26(a)(1)(A).

Accordingly, the Motion is **DENIED** with regard to Interrogatory No. 27 and Request for Production No. 10.

### 2. Request for Production No. 1

Request for Production No. 1 seeks production of "Complete earnings records, including copies of the federal and state income tax returns, W-2 forms and/or any other earnings records, for the taxable years of 2010, 2011, 2012, 2013 and 2014 of plaintiffs Patrick Nkansah and ATL Worldwide, LLC." (R. Doc. 34-3 at 12).  In response, Plaintiffs provided a signed release by Mr. Nkansah for his tax returns. (R. Doc. 34-4 at 21).

Depositors represent that since the filing of its motion, "Plaintiffs have only informally produced four sheets of paper: (1) Mr. Nkansah's pay report for the period 5/18/2014 to 5/24/2014; (2) Mr. Nkansah's pay report for 8/21/2016 to 8/27/2016; (3) Pay reports for two other uninvolved drivers for ATL Worldwide LLC for random periods of time." (R. Doc. 42 at 2; *see* R. Doc. 42 at 7-10).  Depositors further assert that because Plaintiffs are advancing the

6

theory that pay reports for drivers for ATL other than Mr. Nkansah "somehow evidence that Mr. Nkansah and/or ATL Worldwide LLC has lost income and/or a business opportunity as a result of the subject accident," Depositors is entitled to production of pay records for all ATC drivers from the year prior to the subject accident to the present date. (R. Doc. 42 at 2).

Both Mr. Nkansah and ATL have raised claims for loss of income. (R. Doc. 9 at 4-5). In addition, Mr. Nkansah seeks recovery for "loss of present and future business opportunities." (R. Doc. 9 at 5). No objections to the instant request for production were raised.[1] The information sought is relevant and within the scope of discovery.

Accordingly, the Motion is **GRANTED** with regard to Request for Production No. 1. Plaintiffs must supplement within **7 days** of the date of this Order.

The supplemental response must include copies of ATL's federal and state income tax returns for the taxable years of 2010, 2011, 2012, 2013 and 2014 as requested (or a signed release for these tax returns), as well any additional records for ATL, including W-2 forms and/or other earning records, for the taxable years of 2010, 2011, 2012, 2013 and 2014. In addition, the supplemental response must provide any additional earning records for Mr. Nkansah, including W-2 forms and/or other earning records, for the taxable years of 2010, 2011, 2012, 2013 and 2014. Finally, to the extent Plaintiffs are asserting that earning records for drivers employed by ATL other than Mr. Nkansah evidences that the Plaintiffs in this litigation, Mr. Nkansah and/or ATL, has lost income and/or a business opportunity as a result of the subject accident, then Plaintiffs must additionally produce all such documents for drivers in addition to Mr. Nkansah for the period of one year prior to the subject accident through the present date.[2]

---

[1] Pursuant to Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure, any objection must "state with specificity the grounds for objecting to the request, including the reasons." Any general objection presumably applicable to all discovery requests, that fails to comply with Rule 34, is insufficient and will not be considered by the Court.
[2] The Court agrees with the time limitation proposed in Defendant's Reply brief. (R. Doc. 42 at 4).

### 3. Request for Production No. 5

Request for Production No. 5 seeks production of "all accident reports, incident and/or investigation reports, correspondence, e-mails, notes, telephone or text messages, logs or any other documents pertaining in any way to the subject matter of this litigation." (R. Doc. 34-3 at 13). In response, Mr. Plaintiffs produced the Accident Report. (R. Doc. 34-4 at 22).

Depositors argues that Mr. Nkansah testified at his June 13, 2016 deposition that ATL maintains certain driver logs that, at a minimum, identify the hours when each driver sleeps. (R. Doc. 34-1 at 5). No objections to the instant request for production were raised.[3] While the request is arguably broadly worded, the information sought is relevant and within the scope of discovery.

Accordingly, the Motion is **GRANTED** with regard to Request for Production No. 5. Plaintiffs must supplement their response by providing any additional reports, correspondence, e-mails, notes, telephone or text messages, logs or any other documents pertaining to the claims and defenses in this action, including any driver logs, within **7 days** of the date of this Order. If Plaintiffs state that they have no further documents to produce, Plaintiffs' counsel must provide a signed declaration identifying what efforts the parties underwent to locate documents and other communications relevant to the claims and defenses in this action.

### 4. Request for Production No. 6

Request for Production No. 6 seeks production of "a certified copy of any and all policies of insurance, whether general or automotive, providing liability insurance protection and/or property damage protection and/or uninsured/underinsured motorist insurance protection for the incident described in the above referenced lawsuit, and whether such insurance is in favor of the

---

[3] *See* footnote 1, *supra*.

automobile involved in the incident or Patrick Nkansah and ATL Worldwide, LLC." (R. Doc. 34-3 at 13). The request further requests that if a certified copy of the policy could not be produced, that the Plaintiffs "produce any and all other document evidencing the fact that you were insured at the time of the accident and supplement your response at a later date." (R. Doc. 34-3 at 13).

In response, Plaintiffs represent that they did not have the requested documents in their possession at the time of their response. (R. Doc. 34-4 at 23). Plaintiffs raised no objections to the request for production.[4]

To the extent any responsive documents exist, those insurance policies are obtainable by Plaintiffs even if they are not in their possession as they are within their custody and/or control.

Accordingly, the Motion is **GRANTED** with regard to Request for Production No. 6. Plaintiffs must provide certified copies of any responsive insurance policies within **7 days** of the date of this Order.

### 5. Request for Production No. 7

Request for Production No. 7 seeks production of "[c]opies of any and all reports prepared by experts in connection with the alleged accident which is the subject matter of this litigation." (R. Doc. 34-3 at 3). Plaintiffs responded "None at this time." (R. Doc. 34-4 at 23).

The response provided is sufficient. The current deadline for Plaintiffs to disclose experts and submit experts is November 14, 2016. (R. Doc. 44). Plaintiffs need not produce any expert reports prior to the deadline designated by the Court.

Accordingly, the Motion is **DENIED** with regard to Request for Production No. 7.

---

[4] *See* footnote 1, *supra*.

9

### 6. Request for Production No. 24

Request for Production No. 24 seeks production of "[a]ny and all documents, materials and other items identified or relied upon in preparation of the Answers of Patrick Nkansah and ATL Worldwide, LLC to the Interrogatories propounded by defendants." (R. Doc. 34-3 at 16). Subject to objections that the request was overly broad, unduly burdensome, and duplicative of other requests, Plaintiffs stated that they would "produce non-privileged documents responsive to this Request," yet only produced the Accident Report.  (R. Doc. 34-4 at 28).

To the extent Plaintiffs relied on non-privileged documents relevant to the claims and defenses in this litigation to formulate answers to the interrogatories, other than the Accident Report, Plaintiffs must produce those documents in a supplemental production. *See Marchese v. Sec'y, Dep't of the Interior*, No. 03-3082, 2004 WL 2297465, at *4 (E.D. La. Oct. 12, 2004) (requiring production of documents relied upon for preparing answers to interrogatories and denials of requests for admissions).

Accordingly, the Motion is **GRANTED** with regard to Request for Production No. 24. Plaintiffs must provide a supplemental production of relevant documents relied upon to answer their interrogatories within **7 days** of the date of this Order.

### 7. Request for Production No. 28

Request for Production No. 28 seeks production of "[a]ny and all records, documents, correspondence, etc., pertaining to damage estimates, and/or repairs performed to the car in which you were riding at the time of the subject accident." (R. Doc. 34-3 at 17).   Plaintiffs responded that they did "not have the requested documents in their possession at this time, [and

that] documents will be produced when available." (R. Doc. 34-4 at 30). Plaintiffs did not raise any objections to the request for production.[5]

Both Mr. Nkansah and ATL are seeking recovery for property damages to the truck at issue. (R. Doc. 9 at 4). The information requested is relevant to the claims and defenses in this action, and is otherwise within the scope of discovery.

Accordingly, the Motion is **GRANTED** with regard to Request for Production No. 8. Plaintiffs must provide a supplemental production of relevant documents "pertaining to damage estimates, and/or repairs performed" on the truck at issue within **7 days** of the date of this Order.

### 8. Request for Production No. 30

Request for Production No. 30 seeks production of "[a]ny and all documents and/or things which you contend support your claim for damages herein." (R. Doc. 34-3 at 17). Subject to objections that the request was overly broad, unduly burdensome, and duplicative of other requests, Plaintiffs stated that they would "produce non-privileged documents responsive to this Request," but only produced the Accident Report. (R. Doc. 34-4 at 30-31).

The information requested is relevant to Plaintiffs' claims for damages. This request seeks non-privileged documents that underscore the various categories of damages sought in recovery by Plaintiffs. Indeed, Rule 26(a)(1)(A)(iii) requires Plaintiffs to provide a "computation of each category of damages claimed" and "the documents or other evidentiary material, unless privileged or protected from disclosure, in which each computation is based, including materials bearing on the nature and extent of injuries suffered." To the extent Plaintiffs assert protection pursuant to the attorney-client privilege and/or work product doctrine, Plaintiffs must provide a privilege log describing any withheld documents.

---

[5] *See* footnote 1, *supra*.

Accordingly, the Motion is **GRANTED** with regard to Request for Production No. 30. Plaintiffs must provide a supplemental production of relevant, non-privileged documents that Plaintiffs have identified that support their claims for damages within **7 days** of the date of this Order.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 34) is **GRANTED IN PART and DENIED IN PART**.  Plaintiffs must provide supplemental responses to Requests for Production Nos. 1, 5, 6, 24, 28, and 30 as detailed in the body of this Order.  This Order does not supplant any duties Plaintiffs have to supplement their initial disclosures pursuant to Rule 26(a)(1).  The parties shall bear their own costs pursuant to Rule 37(a)(5)(C).

Signed in Baton Rouge, Louisiana, on November 7, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**